IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MORRIS DUANE BUCKLES, on behalf of himself and all other similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>HEIDI CROWE, TERRIE STEFALO, LAURIE MILLS, HARLAN TROMBLEY, MONTANA STATE PRISON, MONTANA DEPARTMENT OF CORRECTIONS, ANGELA MACIOROSKI, and TOM GREEN,<br><br>          Defendants. | CV 18-00084-BLG-SPW-TJC<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Morris Buckles filed a First Amended Class Complaint for Declaratory and Injunctive Relief and Jury Demand (Doc. 30) (Amended Complaint) alleging that the failure to provide sweat lodge ceremonies at the Dawson County Correctional Facility (DCCF) violated the First Amendment and the Fourteenth Amendment equal protection clause of the United States Constitution, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc, et seq., and the Montana Constitution. Mr. Buckles was incarcerated at the time he filed his Complaint but has since been released.

Pending are Defendants' Motion to Dismiss the Amended Complaint.

1

(Docs. 31, 33.)  The Motions should be granted in part and denied in part.

## I.  MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.*

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).  However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Id.*;

*Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984)

(vague and mere conclusory allegations unsupported by facts are not sufficient to

state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

While the Court is to construe a complaint liberally, such construction "may not

supply essential elements of the claim that were not initially pled." *Id.*

## II. ANALYSIS

The State Defendants move to dismiss Mr. Buckles's Amended Complaint

on five grounds:  (1) he lacks standing to seek injunctive or declaratory relief, the

only relief sought; (2) he cannot seek monetary relief under RLUIPA;

(3) the Amended Complaint does not meet the requirements for class certification;

(4) the Montana Department of Corrections (DOC) and Montana State Prison

(MSP) should be dismissed from all claims brought under 42 U.S.C. § 1983 and

the State of Montana should be substituted for any state law claims; and (5)

individual defendants can only be sued in their official capacity under RLUIPA.

(Doc. 31.)

Defendants Green and Macioroski move to dismiss Mr. Buckles's Amended

Complaint on three grounds:  (1) Mr. Buckles does not have standing to seek

declaratory relief against Defendants Green and Macioroski since he is no longer

incarcerated at the DCCF; (2) Mr. Buckles's Section 1983 claims should be

3

dismissed on the basis of qualified immunity; and (3) RLUIPA does not provide for individual liability.  (Doc. 34.)

Mr. Buckles concedes his claims for declaratory and injunctive relief are moot, that his claims under RLUIPA are effectively moot because RLUIPA precludes monetary damages against the state, and that his claims as a putative class representative lack typicality because he cannot seek injunctive relief.  He also has no objection to substituting the State of Montana for MSP and DOC and agrees the individual defendants can be dismissed from the state law claims under Count 4.  (Doc. 35.)  Mr. Buckles contends, however, that his claims for monetary damages for past injury for federal and state constitutional claims are still viable.

Based on Mr. Buckles's concessions, the Court recommends that all claims for declaratory and injunctive relief be dismissed as moot, that all RLUIPA claims be dismissed, that the Court deny class certification, that Defendants DOC and MSP be dismissed, and that the State of Montana be substituted as the only named Defendant in Count 4.

The only remaining issues are the County Defendants' qualified immunity defense and the State Defendants' argument that since the only relief requested was injunctive, the entire case should be dismissed.

## A.  Qualified Immunity

The doctrine of qualified immunity protects government officials from civil

liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "'Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments,' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" *Stanton v. Sims*, 134 S.Ct. 3, 5 (2013) (citations omitted).

To determine if an official is entitled to qualified immunity the court uses a two-part inquiry asking if the facts as alleged state a violation of a constitutional right and if the right is clearly established such that that a reasonable official would have known that his conduct was unlawful. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). A district court is "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

It is not required that there be a case directly on point before concluding that the law is clearly established, "but existing precedent must have placed the statutory or constitutional question beyond debate." *Stanton*, 134 S.Ct. at 5 (*quoting Ashcroft v. al–Kidd*, 131 S.Ct. 2074, 2085 (2011)). A right is clearly established where it is "sufficiently clear that every reasonable official would [have

understood] that what he is doing violates that right." *Hines v. Youseff*, 914 F.3d 1218, 1229 (9th Cir. 2019) (*quoting Reichle v. Howards*, 566 U.S. 658, 664 (2012)).  In determining if the right is clearly established, the court must consider the law, "in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, ___ U.S. ___, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015) (per curiam) (internal quotation marks omitted).

The County Defendants argue that since DCCF does not have a sweat lodge on its campus, they could not have deprived him access to a sweat lodge.  They contend that absent a clearly established constitutional right to a sweat lodge, or the power to deprive him of such a right, they are entitled to qualified immunity. (Doc. 34 at 6.)  The County Defendants rely on *Knows His Gun v. Montana*, 866 F.Supp.2d 1235, 1239 (D. Mont. 2012) in which Judge Lovell noted that some courts have held that prohibiting sweat lodges altogether <u>may be</u> the least restrictive means to further a prison's compelling interests in maintaining a secure and safe environment.  (County Motion, Doc. 34 at 5, emphasis added.)  In some situations that may be true, but at this stage in the litigation there is a question of fact whether this is such a situation.  The Court has no facts upon which to decide whether not providing a sweat lodge at DCCF was the least restrictive means to further DCCF's interests in maintaining a secure and safe environment.  Similarly, whether Defendants Green or Macioroski had the ability to provide and/or deprive

6

Mr. Buckles access to a sweat lodge is a question of fact which cannot be determined on the current record.

The County Defendants' Motion to Dismiss on the basis of qualified immunity should be denied.

## B.  Damages

The State Defendants argue the Amended Complaint should be dismissed in its entirety because the only relief sought was injunctive relief and all claims for injunctive relief should be dismissed.  Albeit not the epitome of clarity, the Court does read the Amended Complaint as seeking monetary damages for Mr. Buckles's First Amendment and Equal Protection claims under § 1983.  (See Doc. 30 at ¶¶ 46, 50 alleging damages in an "amount to be determined.")  Mr. Buckles's response to the motions to dismiss also clearly asserts monetary damages for past injury for federal and state constitutional claims.  As such, the State Defendants' motion to dismiss on this grounds should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1.  Defendants' Motions to Dismiss (Docs. 31, 33) should be GRANTED to the extent that:

(a)  all claims for injunctive and declaratory relief should be DISMISSED;

(b)  all RLUIPA claims should be DISMISSED;

(c)  Mr. Buckles's request for class certification should be DENIED;

(d)  Defendants Montana Department of Corrections and Montana State Prison should be DISMISSED;

(e)  the State of Montana should be substituted for the individual State Defendants under Mr. Buckles' state law claims set forth in Count 4 of the Amended Complaint.

2.  The County Defendants' Motion to Dismiss (Doc. 33) should be DENIED as to their claim of qualified immunity.

3.  Mr. Buckles's Section 1983 claims for violations of the First Amendment and Equal Protection Clause as alleged in Counts 1 and 2 of the Amended Complaint should be allowed to proceed against Defendants Crowe, Stefalo, Mills, Trombley, Macioroski, and Green.

4.  Mr. Buckles's Montana Constitutional Claims as alleged in Count 4 should be allowed to proceed against Defendants State of Montana, Macioroski, and Green.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen days after service hereof.  28 U.S.C. § 636.  Failure to timely file

written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 27th day of May, 2020.


_/s/ Timothy J. Cavan_
Timothy J. Cavan
United States Magistrate Judge