IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MORRIS DUANE BUCKLES,<br><br>Plaintiff,<br><br>vs.<br><br>HEIDI CROWE, et al.,<br><br>Defendants. | Cause No. CV 18-84-SPW-TJC<br><br><br>**ORDER RE FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Before the Court is United States Magistrate Judge Cavan's Findings and Recommendations (Doc. 66), filed on February 22, 2021, regarding Plaintiff Morris Buckles', Defendants Tom Green's and Angela Macioroski's ("County Defendants"), and Defendants Heidi Crowe's, Laurie Mills', Terrie Stefalo's, and Harlan Trombley's ("State Defendants") cross-motions for summary judgment (Docs. 43, 40, 39). Judge Cavan recommended that the State Defendants' motion be granted, the County Defendants' motion be granted in part, and Buckles' motion be denied. (Doc. 66 at 1-2). Buckles timely objected to Judge Cavan's Findings and Recommendations on March 8, 2021. (Doc. 67). The County Defendants responded to the objections on March 22, 2021. (Doc. 68). The State Defendants responded to the objections on March 23, 2021. (Doc. 69). The matter

1

is fully briefed and ripe for adjudication. After careful review, the Court adopts Judge Cavan's Findings and Recommendations in full.

## I. STANDARD OF REVIEW

Parties are entitled to *de novo* review of those portions of Judge Cavan's findings and recommendations to which they timely and properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, those findings and recommendations properly objected to. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Lance v. Salmonson*, 2018 WL 4335526, at *1 (D. Mont. Sept. 11, 2018) (quoting *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010)). Simply restating the party's argument previously made before the magistrate judge is not a sufficient objection. *Id.*

Absent an objection, a court reviews a magistrate's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

## II. RELEVANT BACKGROUND

No party objected to Judge Cavan's recitation of the case's relevant factual background. Therefore, finding no clear error, Judge Cavan's factual findings regarding the relevant background of the case are adopted in full.

## III. DISCUSSION

Judge Cavan found that Buckles apparently conceded that Defendants Trombley and Crowe were not involved in any decision to violate Buckles' civil rights and therefore recommended that Trombley and Crowe should be granted summary judgment on the merits. (Doc. 66 at 6). Judge Cavan also found that the County Defendants and State Defendants are entitled to qualified immunity on Buckles' § 1983 claim because Buckles did not meet his burden to demonstrate "an inmate's [clearly established] constitutional right to a sweat lodge in prison to practice their Native American religion." (*Id.* at 12).

Buckles objects only to Judge Cavan's finding that he did not demonstrate a clearly established constitutional right for an inmate to have access to a sweat lodge for religious purposes.

The County and State Defendants asserted a defense of qualified immunity against Buckles' federal claims under 42 U.S.C. § 1983. A court must examine two factors when considering a defense of qualified immunity: (1) whether the alleged facts demonstrate a violation of a constitutional right; and (2) whether that

3

constitutional right has been clearly established, such that a reasonable official would have known that their conduct was unlawful. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The United States Supreme Court in *Pearson v. Callahan* recognized a district court's discretion to determine which of the two prongs to take up first in the analysis. 555 U.S. 223, 236 (2009). Judge Cavan began his analysis with second prong, as the Magistrate Judge determined that question to be determinative of Buckles' case.

To find that right has been "clearly established," the court must determine that relevant precedent has made the right "sufficiently clear that every reasonable officer would [have understood] that what he is doing violates that right." *Hines v. Youseff*, 914 F.3d 1218, 1229 (9th Cir. 2019) (internal quotations removed). "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment is appropriate." *Saucier*, 533 U.S. at 202. The burden falls on the party asserting a constitutional violation to prove that the right has been clearly established. *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 665 (9th Cir. 2007).

Judge Cavan found that Buckles did not succeed in satisfying this burden because Buckles did not attempt to substantively address the issue. According to Judge Cavan, "Buckles only states that qualified immunity is 'an artificial construct,' 'a bizarre doctrine,' and urges the Court to 'take the very basic step of

4

acknowledging that we all really do know when we are violating civil rights, and not let the state actors get away with it." (Doc. 66 at 10 (quoting Doc. 54 at 7, 8)). Buckles did cite to two cases—*Yellowbear v. Lampert*, 741 F.3d 48 (10th Cir. 2014) and *Knows his Gun v. Montana*, 866 F.Supp.2d 1235 (D. Mont. 2012)—for support that the right to a sweat lodge has been clearly established. However, Judge Cavan found that neither case actually established such a right. Both cases involved claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1(a), which requires a stricter standard for finding a constitutional violation than that applicable to a qualified immunity question. Further, both cases involved claims from inmates seeking redress from sweat lodge restrictions at facilities that already had a sweat lodge. Neither case addressed the situation here where the facility does not have a sweat lodge and whether an inmate has a constitutional right to have the prison construct a sweat lodge. Based on these distinctions, Judge Cavan determined that the right to a sweat lodge was far from clearly established and Judge Cavan could find no case holding otherwise. Therefore, the County and State Defendants did not have adequate notice of the right to a sweat lodge and qualified immunity applied.

Buckles argues Judge Cavan erred in his finding for failing to address questions of fact whether the facility at Dawson County had the means to construct a sweat lodge, whether there was a rational connection between the

5

facility's policy and the government interest involved, and whether there were alternative means for the facility to accommodate Buckles' religious practice. Buckles again presents the *Yellowbear* case as support for the argument that an inmate's right to sweat lodge access is clearly established. In doing so, Buckles appears to argue that a qualified immunity analysis should not play a part in determining whether the Dawson County facility violated his constitutional rights because the § 1983 statute does not require the movant to prove the right was clearly established. In Buckles' opinion, "[t]he magistrate judge jumped to qualified immunity and failed to make the necessary findings on constitutionality." (Doc. 67 at 4).

However, as Judge Cavan pointed out, it is within the district court's discretion whether to address the clearly established prong or the violation prong of the qualified immunity analysis first. *Saucier*, 533 U.S. at 200. Buckles presents no legal authority for why Judge Cavan's decision to address the clearly established prong first was in error. Further, the Court is not persuaded that the right to a sweat lodge has been clearly established, contrary to Buckles' repeated citation to *Yellowbear*. As Buckles readily admits "it is certainly true that no court has yet ruled that the Dawson County facility's failure to have a sweat lodge for Native American practitioners [is] unconstitutional . . . ." (Doc. 67 at 4). Therefore, the Court agrees with Judge Cavan and finds that the right has not

6

been clearly established such that Dawson County facility officials would have been on notice that their actions in failing to construct a sweat lodge violated Buckles' constitutional rights.

As Buckles does not object to any other recommendation, the Court is limited to reviewing Judge Cavan's recommendations for clear error. The Court finds no clear error in the findings or recommendations.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Judge Cavan's Findings and Recommendations (Doc. 66) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (Docs. 39, 40) are **GRANTED** as to Buckles' claims under 42 U.S.C. § 1983 in Counts 1 and 2 of the Amended Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Doc. 43) is **DENIED**.

Having dismissed all claims over which the Court has original jurisdiction, the Court declines supplemental jurisdiction over Plaintiff's state law claims and dismisses those claims against the State of Montana and the County Defendants in Count 4, without prejudice. The Clerk of Court is directed to enter, by separate document, a judgment in favor of Defendants and against Plaintiff Buckles.

DATED this 29th day of March, 2021.

SUSAN P. WATTERS
U.S. District Court Judge